UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STATE OF LOUISIANA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3146** |
| **CHARLES WALLACE** | **SECTION "L"(4)** |

## ORDER AND REASONS

Plaintiff Charles Wallace ("Wallace") is a prisoner currently incarcerated in the David Wade Correctional Center in Homer, Louisiana. He filed a Notice of Removal seeking to remove criminal proceedings arising from his 1991 prosecution and conviction in St. Tammany Parish alleging denial of his constitutional throughout those proceedings.[1] Wallace also has submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[2] Wallace, however, is a frequent litigant in the federal courts and is prohibited from proceeding as a pauper.

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 ("PLRA") codified at 28 U.S.C. § 1915(g) provides that a prisoner shall not be allowed to bring a civil action as a pauper under § 1915 if he has on three or more prior occasions while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury. On May 30, 2017, the United States Fifth Circuit Court of Appeals held as follows in affirming dismissal Wallace's prior civil action:

> The district court's dismissal of Wallace's complaint as frivolous and for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). Wallace has accumulated at least two other strikes. *See Wallace v. Edwards*, No. 93-3651, 1994 WL 399144, at *1 (5th Cir. July 21, 1994) (unpublished) (per curiam); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Accordingly, he is prohibited from

---

[1] ECF No. 3.
[2] ECF No. 4.

proceeding in forma pauperis in any civil action or appeal that is filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

*Wallace v. State of Louisiana*, 689 F. App'x 286, 287 (5th Cir. 2017).

As noted by therein, Wallace has filed a number of civil actions and at least one appeal in the federal courts while incarcerated that were dismissed as frivolous and/or for failure to state a claim. These matters include but are not limited to the following: *Wallace v. State of Louisiana*, Civ. Action 15-1881"A"(1) (E.D. La. Mar. 7, 2016) (frivolous and failure to state a claim); *Wallace v. Katz*, Civ. Action 94-938"C"(3) (E.D. La. Apr. 28, 1994) (frivolous); *Wallace v. Edwards*, No. 93-3651, 1994 WL 399144, at *1 (5th Cir. Jul. 21, 1994) (appeal frivolous); *Wallace v. Edwards*, Civ. Action No. 93-720 (M.D. La. Sep. 7, 1993) (frivolous and failure to state a claim).

Wallace, therefore, has accumulated more than three "strikes" under the PLRA. Considering this and the Fifth Circuit's directive, Wallace is prohibited from filing as a pauper unless he fits within the "imminent danger" exception of § 1915(g). Wallace has not alleged, and his pleading does not demonstrate, that he is in imminent danger of serious physical injury. Therefore, the Court finds that Wallace and is not entitled to proceed *in forma pauperis*. Accordingly,

**IT IS ORDERED** that Wallace's application to proceed *in forma pauperis* (ECF No. 4) is **DENIED** under 28 U.S.C. § 1915(g).

New Orleans, Louisiana this __23rd__ day of September, 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**