UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF LOUISIANA | CIVIL ACTION |
| VERSUS | NO. 22-3146 |
| CHARLES WALLACE | SECTION "L"(4) |

### ORDER AND REASONS

Before the Court is Petitioner Charles Wallace's Motion for the Appointment of Counsel and Objection to the Magistrate Judge's Order and Reasons denying his petition to proceed *in forma pauperis*. Having considered the briefing and the applicable law, the Court rules as follows.

I.     BACKGROUND

Plaintiff Charles Wallace ("Wallace") is a prisoner currently incarcerated in the David Wade Correctional Center in Homer, Louisiana. He filed a Notice of Removal seeking to remove criminal proceedings arising from his 1991 prosecution and conviction in St. Tammany Parish alleging denial of his constitutional rights throughout those proceedings. R. Doc. 3.

Wallace submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. R. Doc. 4. Magistrate Judge Roby denied that application, explaining that the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action as a pauper under § 1915 if he has on three or more prior occasions while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under

imminent danger of serious physical injury. R. Doc. 5 at 1. Because the Fifth Circuit Court of Appeals previously held that Wallace had accumulated three "strikes" for filing frivolous actions and/or appeals, *see Wallace v. State of Louisiana*, 689 F. App'x 286, 287 (5th Cir. 2017), and because Wallace had not alleged, nor did his pleading demonstrate, that he was in imminent danger of serious physical injury, Magistrate Judge Roby found that Wallace was not entitled to proceed *in forma pauperis*.

## II.   PRESENT MOTION

Wallace filed an objection to the denial of his petition to proceed *in forma pauperis*, in the same pleading moving the Court to appoint him counsel. R. Doc. 6. He alleges that he is "financially unable to retain private counsel" and that the Magistrate Judge's Order and Reasons is "facially unconstitutional, as applied herein . . . without defense counsel representation." R. Doc. 6 at 1.

## III.   DISCUSSION

The United States Supreme Court has made clear that prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that "a defendant has no federal constitutional right to counsel . . . when attacking a conviction that has long since become final upon exhaustion of the appellate process."). Because Wallace thus does not have a right to counsel in this proceeding, it was not a violation of any constitutional right that the Court denied Wallace's petition to proceed *in forma pauperis* without providing him the benefit of counsel.

The Court could, in its discretion, nonetheless appoint Wallace counsel to aid him in pursuing his post-conviction claims. However, as noted by the Magistrate Judge, Wallace has

already filed a number of civil actions and at least one appeal in the federal courts while incarcerated that were dismissed as frivolous. *See, e.g.*, *Wallace v. State of Louisiana*, Civ. Action 15-1881"A" (1) (E.D. La. Mar. 7, 2016) (frivolous and failure to state a claim); *Wallace v. Katz*, Civ. Action 94-938 "C" (3) (E.D. La. Apr. 28, 1994); *Wallace v. Edwards*, No. 93-3651, 1994 WL 399144, at *1 (5th Cir. Jul. 21, 1994); *Wallace v. Edwards*, Civ. Action No. 93-720 (M.D. La. Sep. 7, 1993). Wallace seeks to bring in this action substantially the same claims already found to be frivolous in those other actions. Accordingly, the Court declines to appoint him counsel.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's motion is **DENIED**.

New Orleans, Louisiana, this 7th day of October, 2022.

_____
United States District Judge